15 MAG 4204 ORIGINAL

Approved: _____
NOAH FALK
Assistant United States Attorney

Before: HONORABLE FRANK MAAS
Chief United States Magistrate Judge
Southern District of New York

U.S. DISTRICT COURT FILED NOV 23 2015 S.D. OF N.Y.

- - - - - - - - - - - - - - - - - - -x
                                     :
UNITED STATES OF AMERICA             :   SEALED COMPLAINT  DOC # _____
                                     :
          - v. -                     :   Violations of
                                     :   18 U.S.C. §§ 1341 and 1343
STEVEN N. ROSEN,                     :
                                     :   COUNTY OF OFFENSE:
               Defendant.            :   BRONX
                                     :
- - - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

      BERNARD SOLOMON, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
(Wire Fraud)

      1.   From at least in or about May 2005 through in or about July 2015, STEVEN N. ROSEN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ROSEN engaged in a scheme to embezzle money from his employer and caused electronic payments to be made from his employer's bank accounts to accounts he controlled without his employer's authorization.

      (Title 18, United States Code, Section 1343.)

## COUNT TWO
(Mail Fraud)

2.      From at least in or about 2011 through in or about July 2015, STEVEN N. ROSEN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carrier, and take and receive therefrom, such matters and things, and did cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, ROSEN provided inflated reimbursement requests to a partner company of his employer in the context of a joint venture, which caused checks to be mailed by the partner company to his employer, at which point ROSEN transferred a portion of those monies into accounts controlled by him.

(Title 18, United States Code, Section 1341.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

3.      I am a Detective with the NYPD and have been so employed for more than 12 years. I have been personally involved in the investigation of this matter.  During my tenure with the NYPD, I have conducted a number of investigations involving mail and wire fraud and I have received training regarding fraud and white collar crimes.  This affidavit is based upon my own investigation, my conversations with witnesses and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my interviews of witnesses and my review of documents provided by those witnesses, I have learned the following, among other things:

   a. Beginning in or about 2005 through in or about July 2015, STEVEN N. ROSEN, the defendant, was employed as the bookkeeper and accountant of a privately-held plumbing and mechanical company headquartered in the Bronx, New York (the "Plumbing Company").

   b. As part of his duties and responsibilities as the bookkeeper and accountant of the Plumbing Company, ROSEN was authorized to pay the company's expenses and to manage its finances by, among other things, writing checks drawn on, and transferring funds from, bank accounts held by the Plumbing Company. ROSEN also maintained the books and records of the Plumbing Company relating to these accounts.

   c. Beginning in or about 2008, the Plumbing Company acted as a sub-contractor for a full-service energy company headquartered in Brooklyn, New York (the "Energy Company"). In that capacity, the Plumbing Company performed work on projects coordinated by the Energy Company, including oil to gas heating system conversions.

   d. Beginning in or about 2011, the Plumbing Company began working, more or less exclusively, for the Energy Company. Under the terms of the informal agreement between the Plumbing Company and the Energy Company (the "Agreement"), the Energy Company agreed to fund all operations of the Plumbing Company as it related to the projects coordinated by the Energy Company, including but not limited to equipment, operations and payroll expenses.

   e. As part of his duties and responsibilities at the Plumbing Company, ROSEN sent funding requests to the Energy Company on approximately a weekly basis. Once the funding requests were approved, the Energy Company would either send a check for the requested amount to ROSEN's attention at the Plumbing Company, or the Energy Company would deposit the requested amount directly into one of the Plumbing Company's bank accounts.

5. During the course of this investigation, I have interviewed the owner and operator of the Energy Company (the "EC Owner"), from whom I learned the following, among other things:

3

    a. In or about May 2015, the EC Owner became aware of concerns within the Energy Company that the Plumbing Company's funding requests were not commensurate with the work the Plumbing Company was being asked to perform.  As a result of these concerns, the EC Owner asked the accountant for the Energy Company (the "Accountant") to perform an audit of the Plumbing Company's financial records, with the Plumbing Company's cooperation.

    b. The Accountant audited the Plumbing Company's financial records for 2014 and identified approximately $92,000 in transfers from the Plumbing Company's accounts to credit card services accounts (the "Credit Services Accounts") maintained at a financial institution (the "Bank").  The Accountant shared this information with the EC Owner.

    6. I have reviewed an email exchange between the EC Owner, the owner and operator of the Plumbing Company (the "PC Owner"), the Accountant, and STEVEN N. ROSEN, the defendant, spanning from May 19, 2015 to June 22, 2015.  In the email exchange, on June 21, 2015, the Accountant asks ROSEN for clarification as to the approximately $92,000 in transfers to Credit Services Accounts.  That same day, ROSEN responds, in relevant part, that "None of the [Credit Services Accounts] payments would charge to [the Energy Company.]"  The Accountant replies, asking where the Plumbing Company got "money to pay for the $92,222 in [Credit Services Accounts] payments?  Because the only monies deposited into the [Pluming Company] account for 2014 to pay bills was" deposited by the Energy Company.

    7. I have also interviewed the PC Owner, from whom I learned the following, among other things:

    a. In or about July 2015, the EC Owner and the Accountant informed the PC Owner of the unidentified payments to the Credit Services Account from the Plumbing Company's accounts.

    b. On or about July 20, 2015, the PC Owner met with ROSEN at the Plumbing Company's office in the Bronx.  At that meeting, ROSEN admitted, in sum and substance, that he had made the transfers to the Credit Services Accounts, and that these transfers were payments to ROSEN's personal credit cards, which ROSEN used to pay his personal expenses.  ROSEN further stated, in sum and substance, that he did not know exactly how long he had been taking money from the Plumbing Company to pay for personal expenses, but that ROSEN had been given permission to take some money out of the

4

Plumbing Company by the PC Owner's father approximately ten years earlier, and that ROSEN had done so ever since.[1]

        c.    Following this conversation, the PC Owner reviewed and analyzed the Plumbing Company's bank statements for its operating account and its payroll account from May 2005 to July 2015, and concluded that between May 2005 and July 2015, ROSEN transferred more than $942,000 to various credit services accounts.

        8.    I have reviewed bank records maintained by the Bank relating to the Credit Services Accounts controlled by STEVEN N. ROSEN, the defendant, reflecting transactions from on or about December 7, 2009 through on or about June 18, 2015.  I have compared the records maintained by the Bank with the analysis prepared by the PC Owner, and the bank statements relied upon by the PC Owner in performing his analysis.  Based on that review and analysis, I have been able to trace the transfer of approximately $478,000 from either the Plumbing Company's operating account or payroll account into one of the six Credit Services Accounts controlled by ROSEN.

        WHEREFORE, deponent prays that STEVEN N. ROSEN, the defendant, be arrested, and imprisoned or bailed as the case may be.

*Det ?L 8C #2307*

BERNARD SOLOMON
Detective
New York City Police Department

Sworn to before me this
23rd day of November, 2015

_____
HONORABLE FRANK MAAS
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[1] The PC Owner has owned and operated the Plumbing Company since 2011, and has never authorized ROSEN to pay personal expenses using company money.

5